IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Harold Anderson,<br><br>        Plaintiff,<br><br>vs.<br><br>Attorney Christopher T. Posey;<br>Steve W. Sumner;<br>Miss Susuan [sic] W. Hugins;<br>Miss Catherien [sic] Towsen;<br>Mr. Allen Fretwell; and<br>Linda G. McGrish,<br><br>        Defendants. | ) Civil Action No.: 8:10-cv-2982-TLW-JDA<br>)<br>)<br>)<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    This matter is before the Court due to Plaintiff's failure to comply with the Order entered in this case on December 16, 2010 (Doc. # 5), within the time for compliance set under the Order.

    Under the December 16, 2010 Order (Doc. # 5), Plaintiff was directed to submit certain items required to bring this case into proper form. Plaintiff was directed to "Pay the $350 filing fee **_or_** complete, sign and return the enclosed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO240)." None of the items have been submitted to the Court as directed.

    Plaintiff was also specifically warned that this case would be dismissed if he failed to fully comply with the Order. The final deadline for Plaintiff's compliance was set for January 10, 2011. That date has now passed without any further communication from Plaintiff.

    Applying the four-factor test[1] of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, it is clear that the failure of Plaintiff to fully comply with the Order in this case (Doc. # 5) within the time permitted under that Order indicates an intent on Plaintiff's part not to prosecute this case. Even so, the Fourth Circuit has noted that "the four factors . . . are not a rigid four-pronged test."

---

[1] The four criteria are: (1) the degree of responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a "'drawn out history' of 'deliberately proceeding in a dilatory fashion;'" and (4) the effectiveness of sanctions less drastic than dismissal.

*Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given).  In *Ray v. Evercom Systems, Inc.*, No. 4:05-CV-2904-RBH, 2009 WL 2997607 (D.S.C. Sept. 15, 2009) the Court, quoting *Ballard*, *supra*, found that the "Magistrate's explicit warning that a recommendation of dismissal would result from [the] failure to obey his order . . . [left] the District Court little alternative to dismissal . . . as any other course would have placed the credibility of the court in doubt and invited abuse."  *Id.* at 95-96.

Accordingly, this case is, hereby, **DISMISSED** *without prejudice* due to Plaintiff's failure to comply with this Court's December 16, 2010 Order (Doc. # 5) and failure to prosecute the case.  *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

February 10, 2011
Florence, South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.